IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEANDRAE THOMAS, | § | |
| | § | No. 282, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1009005841 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 12, 2019
Decided: May 20, 2019
Corrected: June 5, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

# **O R D E R**

In this postconviction proceeding, the appellant, DeAndrae Thomas, claims that he was coerced into pleading guilty to criminal charges in Superior Court. He claims that his attorney participated in the coercion and, therefore, provided ineffective representation. The Superior Court rejected the appellant's claim and found that his plea of guilty was entered knowingly, intelligently and voluntarily. We affirm for the reasons assigned by the Superior Court in the Commissioner's proposed findings of fact and conclusions of law dated March 28, 2018 and the

Superior Court's order adopting the Commissioner's report dated May 8, 2018.[1]

NOW, THEREFORE, IT IS HEREBY ORDERED, this 20th day of May 2019, that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[1] Ordinarily, "The first requirement in any analysis of a post-conviction relief claim is whether the petition meets the procedural requirements of Rule 61." *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991). In this case, Thomas' motion is procedurally barred because it was filed more than one year after the judgment of conviction was final. Within that one-year period, however, Thomas filed a motion in Superior Court to extend the time for filing a motion for postconviction relief. The Superior Court granted the motion and the motion for postconviction relief was subsequently filed outside the one-year period. Superior Court Criminal Rule 45(b)(2) explicitly forbids the Superior Court from granting an extension of the time within which a motion for postconviction relief must be filed. Since Thomas no doubt relied upon the extension granted by the Superior Court, we have considered his appeal on the merits.

Thomas alleges that coercion occurred at a meeting shortly before his plea was entered. He alleges that the meeting was attended by his attorney, the assigned prosecutor, the State's lead investigator, and himself. The affidavit of trial counsel filed in the postconviction proceedings in Superior Court stated that the meeting was attended by trial counsel, the prosecutor, Thomas and a defense investigator. The Superior Court accepted as fact that the meeting attendance was as stated in trial counsel's affidavit. When Thomas filed his reply brief in this court, he attached as an exhibit an investigation performed by O'Rourke Investigative Associates, Inc. which includes summaries of interviews with the defense investigator and the State's lead investigator which say the State's lead investigator, not the defense investigator, was the fourth person at the meeting. The O'Rourke investigation was done after the appeal in this case was filed. Thomas argues that the O'Rourke report shows that his description of the meeting was correct and adds weight to his claim that he was coerced into pleading guilty. We are satisfied, however, that the identity of the fourth attendee had no bearing on the Superior Court's conclusion that Thomas' plea was entered knowingly, intelligently and voluntarily, a conclusion we affirm after having considered Thomas' reply brief and the O'Rourke investigation.